**In re TRI–COR PETROLEUM, INC., Debtor.**

**No. 883–30287–20.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Jan. 24, 1986.

James Barr, Lawrence, N.Y., trustee.

Hahn & Hessen, New York City, for trustee.

Harvis & Zeichner, New York City, for Ashland Petroleum Co.

Kramer, Levin, Nessen, Kamin & Frankel, New York City, for Aracri and Papandon.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard by order to show cause on behalf of the trustee of debtor's chapter 7 bankruptcy estate. The trustee sought approval for a proposed settlement of an adversary proceeding commenced by Ashland Oil to recover damages caused by debtor's alleged conversion of $800,000 of petroleum. The trustee and Ashland agreed to settle the dispute for $100,000 cash to be paid from the estate's accounts receivable, and for a $700,000 unsecured claim against the estate. Two lienholders of the estate's accounts receivable objected to the proposed settlement because the payment of $100,000 from the accounts receivable will impair their liens against the accounts receivable. The court finds that in the absence of adequate protection, 11 U.S.C. § 363(e) prohibits distribution of accounts receivable since that property is subject to a lien; and thus the proposed settlement is hereby denied.

## FACTS

1. On September 2, 1982 the objectants, Papandon and Aracri, sold their stock in the debtor to an entity named Pilot Petroleum, of which Papandon and Aracri are also principals. The sale was secured, in part, by an assignment of the debtor's accounts receivable.

2. On February 15, 1983, the debtor filed a petition for bankruptcy under chapter 7 of the Bankruptcy Code.

3. On August 30, 1983, the trustee of the debtors' bankruptcy estate and the objectants settled several disputes stemming from the transfer of the debtor's assets to Pilot, however, the settlement agreement did not specifically embody a settlement of the issues related to the transfer of accounts receivable to the objectants, Papandon and Aracri. The relevant language which gave rise to the August 30, 1983 agreement is contained in an order to show cause dated August 9, 1983:

> Following its investigation into Tri-Cor's affairs, Applicant has ascertained that its principal causes of action against Pilot arise out of the outstanding balance on Tri-Cor's accounts receivable due from Pilot in the sum of $222,916, and certain payments in the sum of $400,000 made to the principals of Pilot, Joseph Aracri and John Papandon, from Tri-Cor's assets, pursuant to a Stock Purchase Agreement dated August 30, 1982, at a time when Tri-Cor was insolvent. After conducting extensive discovery, Applicant believes that it has a strong case against the principals of Pilot for the recovery of such $400,000, in accordance with Judge Friendly's decision in *In re Flying Mailmen Service, Inc.,* 539 F.2d 866 (2d Cir.1976).

4. On July 9, 1985, Ashland Petroleum commenced an adversary proceeding against the debtor alleging that Tri-Cor converted about $800,000 of petroleum from its tanks. Tri-Cor had authorization to take only $30,000 of petroleum on account, and Ashland's complaint alleges that the remaining $770,000 was taken fraudulently.

## DISCUSSION

The trustee believes that it is in the best interests of the creditors of debtor's estate for the debtor to pay Ashland $100,000 cash from accounts receivable, and to allow Ashland a $700,000 general unsecured claim.

The issue in this case is whether the agreement of August 30, 1983 signed by debtor and the objectants bar Papandon and Aracri from objecting to the trustee's proposed settlement. Based on the parties' agreement of August 30, 1983 and the language of paragraph 22 of the August 9, 1983 order to show cause which gave rise to the agreement, it appears that in 1983 the trustee contemplated voiding the sale of Tri-Cor to Pilot and consequently recovering the stated sums. The trustee implied at the hearing of the instant proposed settlement that based on the case cited in paragraph 22 of the August 9, 1983 order to show cause, the stock purchase agreement should be deemed void, and thus the estate free of the lien against its accounts receivable. Unfortunately for the trustee, it would be beyond sound discretion for the court to rule that since the parties settled out of court on an earlier case, they cannot contest a later case because various legal issues (which were never argued) are similar. Although the stipulation of settlement in the earlier case allowed the trustee to recover a portion of several of Tri-Cor's payments to the objectants under the stock purchase agreement, neither the validity of the stock purchase agreement nor the liens it created were addressed.

11 U.S.C. § 363(e) provides as follows:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

Since section 363(e) requires the court to prohibit the trustee's use of the cash collat-

**4**

eral as long as a lien is attached to the property, the trustee has no right to transfer $100,000 to Ashland unless he provides the lienholders adequate protection. Therefore, the trustee's proposed settlement is denied.

SO ORDERED.